UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JAMES JOHNSON, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 4:15-CV-02242-RDP |
| } | |
| CAROLYN W. COLVIN, } | |
| Acting Commissioner of Social Security } | |
| } | |
| Defendant. } | |

## MEMORANDUM OF DECISION

Plaintiff, James Johnson, brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his claims for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). *See* 42 U.S.C. § 405(g). Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.      Proceedings Below**

Plaintiff filed his applications for DIB and SSI on April 20, 2011 in which he alleged disability beginning on February 9, 2011. (R. 237, 241). These applications were denied by the Social Security Administration (SSA) on July 8, 2011. (R. 149). On July 27, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 158). Plaintiff's request was granted and a hearing was held in Birmingham, Alabama on November 26, 2012 before ALJ, Jerome L. Munford. (R. 61, 87). In his decision, dated February 14, 2013, the ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through

December 31, 2016 and has not engaged in substantial gainful activity since February 9, 2011, his alleged date of disability. (R. 122-138). Further, the ALJ determined that Plaintiff was precluded from performing past relevant work. (R. 136). However, based on the testimony of the vocational expert, the ALJ determined that Plaintiff was not disabled because he remains capable of adjusting to other jobs that exist in significant numbers in the national economy. (R. 137-138).

On July 17, 2014 the Appeals Council granted review, vacated the ALJ's decision, and remanded the case for further proceedings. (R. 143-146). A subsequent administrative hearing was held in Birmingham, Alabama on July 8, 2015 before the ALJ. (R. 61). The ALJ denied Plaintiff's application in his decision dated July 20, 2015. (R. 19-34). After the ALJ issued this unfavorable decision, the Appeals Council denied Plaintiff's request for review. (R.1-4). As a result, the ALJ's July 20, 2015 decision became the final decision of the Commissioner and subject to review by this Court.

**II.    Facts**

Plaintiff was fifty-four (54) years of age at the time of the ALJ's decision. (R. 237). Plaintiff has a 9th grade education and obtained a graduate equivalent degree (GED). Plaintiff worked as an auto manufacturer/process associate and mechanic. (R. 78). Plaintiff claims that he is unable to work due to uncontrolled diabetes. (R. 128). Plaintiff's diabetes was diagnosed in 2004 after he had a heart attack. (R. 128-129). According to Plaintiff, the diabetes causes neuropathy in his legs, which causes pain in his legs and lower back. (R. 129). Additionally, claimant claims he has depression that makes it difficult to sleep. (R. 129). Plaintiff is receiving mental health treatment, and treatment notes indicate that Plaintiff's depression has improved. (R. 29). Plaintiff's thought process has been noted as logical and Plaintiff has been found to have mental control. (R. 131).

Plaintiff reported that he lives with his mother who reminds him to eat and helps take care of him. (R. 29). However, Plaintiff also reported that he has no problems with personal care: he goes to the store, cooks, washes dishes, pays bills, handles his savings account, and maintains a checkbook. (R. 29-30). Additionally, Plaintiff's mother reported that Plaintiff has no problem getting along with family, friends, and neighbors. (R. 31).

On June 18, 2011, Dr. Thomas, a neurologist with MDSI Physician Group Inc., examined Plaintiff at the request of the state agency. (R. 131, 420-24). Upon examination, Dr. Thomas noted Plaintiff was independent with his activities of daily living and ambulation. (R. 421). Dr. Thomas also reported Plaintiff had 5/5 strength, a negative straight leg raise test, intact cranial nerves, and an intact sensory exam. (R. 29, 423-24). Following Dr. Thomas's exam, Dr. Wilson, a licensed psychologist with Gadsden Psychological Services, LLC, examined Plaintiff at the request of the state agency on June 28, 2011. (R. 131, 390-95). Dr. Wilson observed Plaintiff to have a very good fund of information, good abstraction, and intact thought process. (R. 131, 393-94).

On December 12, 2011, Dr. Graves, the Plaintiff's treating physician, signed a letter stating that the Plaintiff was disabled due to his diabetes with "severe" peripheral neuropathy, coronary artery disease with stent placement, depression, arthritis, and chronic obstructive pulmonary disease. (R. 132). While the letter set out these diagnoses, there was a handwritten notation that indicated that the Plaintiff brought the letter and requested signature. (R. 31). Further, there is no indication of disability within the treating records that document the regular follow-up of Plaintiff to Dr. Graves. (R. 31).

**II.     ALJ Decision**

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful work activity" is work that is done for pay or profit. 20 C.F.R. § 404.1572(b). If the ALJ finds that the claimant engages in substantial gainful activity, then the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant

is able to perform any other work commensurate with his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

In the instant case, the ALJ found that steps one and two were satisfied as Plaintiff has not engaged in substantial gainful activity since February 9, 2011. (R. 22). Further, the ALJ determined that Plaintiff has the following severe impairments: diabetes, depression, hypertension, obesity, and lower back pain. *Id.* However, the ALJ found that none of Plaintiff's impairments, alone or in combination, met the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1. (R. 26-28). Therefore, the ALJ found that step three was not satisfied, and specifically found that Plaintiff's mental impairment created no more than moderate difficulties. (R. 26-28).

After considering the record, the ALJ found that Plaintiff has the physical RFC to perform medium work as defined in 20 C.F.R. Parts 404.1567(c) and 416.967(c), which allows frequent stooping and crouching. (R. 28). Based on the testimony of the vocational expert, the ALJ found that Plaintiff was unable to perform any past relevant work, which was classified as medium and semiskilled, as well as heavy and skilled. (R. 32-33, 136). Taking into account the Plaintiff's age, education, and work experience, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (R. 32-33). The ALJ concluded that Plaintiff is not disabled as defined by the Act, and therefore not entitled to a period of disability, DIB or SSI. (R. 34).

### III. Plaintiff's Argument for Reversal

The Plaintiff presents two arguments for reversing the decision of the ALJ. First, Plaintiff alleges that the ALJ did not properly evaluate the credibility of Plaintiff's complaints of pain consistent with the Eleventh Circuit Pain Standard. (Pl.'s Mem. 4). According to Plaintiff, the ALJ must articulate reasons for refusing to credit the Plaintiff's pain testimony. *Id.* If the ALJ's reasons are not supported by substantial evidence, then the Plaintiff's pain testimony must be accepted as true. *Id.* Further, the Plaintiff asserts that "[t]he ALJ's negative credibility finding is inadequate as a matter of law as he has disregarded the longitudinal medical evidence which supports Plaintiff's subjective testimony." (Pl.'s Mem. 11). Second, Plaintiff alleged that the ALJ failed to properly articulate good cause for according less weight to the opinion of the Plaintiff's treating physician. (Pl.'s Mem. 11). According to Plaintiff, the ALJ's reasons for refusing to credit the opinion of Plaintiff's treating physician are without merit and contrary to the treatment notes and totality of the evidence. (Pl.'s Mem. 14). Each of these arguments for reversal are considered below.

### IV.   Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the

decision is reasonable and supported by substantial evidence. *See Id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V. Discussion

After carefully considering Plaintiff's arguments, the Court concludes that the ALJ's decisions were supported by substantial evidence for the following reasons.

### A. The ALJ Properly Considered Plaintiff's Credibility and Allegations of Disabling Symptoms.

The Plaintiff asserts that the Commissioner's decision should be overturned because the ALJ's credibility determinations regarding Plaintiff's complaints of pain were unsupported by substantial evidence. (Pl.'s Mem. 4). In making this argument, Plaintiff emphasizes that an ALJ who fails to credit a claimant's testimony must articulate reasons for his decision. (Pl.'s Mem. 4) (citing *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987)). While Plaintiff properly articulates the Eleventh Circuit's general rule, Plaintiff fails to acknowledge that the ALJ does not have to make an explicit finding regarding credibility. *See Davis v. Barnhart*, 153 Fed. Appx. 569, 571 (11th Cir. 2005). Rather, the reasons for an ALJ's rejection of a Plaintiff's complaints of pain must simply be made obvious to the reviewing court. *Id.* Because the ALJ in this case

properly analyzed Plaintiff's subjective complaints of pain and gave proper reasons for his rejection of Plaintiff's complaints of pain (R. 24-32), the court concludes the Commissioner's decision is due to be affirmed.

Under the Social Security Act, an ALJ must consider Plaintiff's symptoms and the extent to which those symptoms can reasonably be accepted in light of objective medical evidence. 20 C.F.R. §§ 404.1529, 416.929. Further, in evaluating the intensity and persistence of Plaintiff's symptoms, the ALJ must consider all available evidence including medical history. *Id.* A Plaintiff's statements regarding symptoms will not be rejected solely because medical evidence does not substantiate Plaintiff's statement. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The Eleventh Circuit has consistently interpreted this provision of the Act to mean the ALJ "must clearly articulate explicit and adequate reasons" for discrediting the claimant's allegations of disabling pain. S*ee Davis v. Barnhart*, 153 Fed. Appx. 569, 571 (11th Cir. 2005). The court elaborated, "[a]lthough this Circuit does not require an explicit finding as to credibility . . . the implication must be obvious to the reviewing court." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote v. Charter*, 67 F. 3d 1553, 1562 (11th Cir. 1995)).

In the instant case, the ALJ made it obvious that he had considered the whole record and was not merely rejecting the Plaintiff's credibility and allegations of disability based on broad assertions. The ALJ addressed each of Plaintiff's alleged symptoms and provided reasons for rejecting each allegation. (R. 24-32). In addressing Plaintiff's alleged leg and back pain, the ALJ cited to treatment notes from Plaintiff's primary care physicians, which indicated no motor or sensory deficits. (R. 29). Additionally, the ALJ noted Dr. Thomas' report that Plaintiff had 5/5 strength, was able to independently perform activities of daily living, had negative straight leg

raise test, intact cranial nerves, and an intact sensory exam. *Id.* Further, the ALJ stated that Plaintiff himself reported to be independent with his activities of daily living. *Id.*

In considering Plaintiff's allegations of depression, the ALJ stated that Plaintiff's mental health notes indicated that Plaintiff's depression had improved with treatment. (R. 29). The ALJ rejected Plaintiff's allegation of disabling symptoms related to depression, noting that Dr. Wilson found Plaintiff to have mental control, attention, and concentration. (R. 30). Further, the ALJ asserted that the Plaintiff himself reported that he can pay bills, handle a savings account, and maintain a checkbook. (R. 30).

The ALJ gave ample reasons for reaching his conclusion that Plaintiff's subjective complains of pain were not credible. (R. 28-32). Therefore, there is substantial evidence to support ALJ's evaluation of Plaintiff's credibility and the Commissioner's decision on this ground is due to be affirmed.

>  **B.     The ALJ Properly Evaluated the Medical Evidence of Record in Determining Plaintiff Could Perform Medium Work.**

Plaintiff claims that the Commissioner's decision should be reversed on the ground that the ALJ failed to properly articulate good cause for according less weight to the opinion of Plaintiff's treating physicians. (Pl's Mem. 11). In support of this argument, Plaintiff notes that the Commissioner must accord opinions of treating physicians substantial weight. (Pl.'s Mem. 11) (citing *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988)). If an ALJ discounts a treating physician's opinion, Plaintiff claims that an ALJ must "clearly articulate" his reasons for doing so. (Pl.'s Mem. 11) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Although the Social Security Act and Eleventh Circuit precedent provide that opinions of treating physicians are entitled to more weight, an ALJ may still discount a physician's opinion when the

opinion is conclusory, the physician fails to provide objective medical evidence to support his opinion, the opinion is inconsistent with the record as a whole, or the evidence otherwise supports a contrary finding. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *Crawford v. Comm'n of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). Because the ALJ in the instant case presented substantial evidence to support his discounting the opinions of Plaintiff's treating physicians, the decision of the Commissioner is due to be affirmed.

According to Eleventh Circuit case law, the opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d at 1241 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*

Here, the ALJ showed that he had 'good cause' to accord less weight to Plaintiff's treating physicians. According to the ALJ, he gave minimal weight to the letter signed by Dr. Graves because Dr. Graves failed to provide an explanation for her opinion or objective clinical findings to support that opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *Crawford v. Comm'n of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). After considering Dr. Graves' records, ALJ found that there was no indication of disability within the treating records documenting the regular follow-up of claimant to Dr. Graves. (R. 31). Further, the ALJ found that Dr. Graves' opinion was inconsistent with other evidence in the record. *Id.* In addition, the ALJ points to the fact that a handwritten notation indicated that Plaintiff brought the letter to Dr. Graves and requested the signature. (R.135). In

support of his decision to accord little weight to the opinion of Dr. Wilson, the ALJ pointed to the fact that Dr. Wilson's findings are not consistent with Plaintiff's later treatment records. (R. 32).

The Eleventh Circuit acknowledges that the aforementioned reasons are substantial evidence of "good cause" for according less weight to the opinion of a treating physician. *Phillips v. Barnhart*, 357 F.3d at 1241 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Therefore, this court finds that the ALJ properly articulated good cause for according less weight to the opinion of the Plaintiff's treating physician and the Commissioner's decision is due to be affirmed.

## VI. Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this October 6, 2016.

*[signature]*

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE